IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Pauline A. Phillips, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT**  0:12-532-CMC-SVH |
| | ) | **(Jury Trial Demanded)** |
| Shaw Group, Inc., and Thomas | ) | |
| Childers, in his individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, complaining of the defendants herein, would respectfully allege as follows:

1. The plaintiff is a citizen and resident of Leesville, South Carolina.

2. The defendant, Shaw Group, Inc. ("Shaw Group"), is a multi-state corporation, a part of which is involved in engineering, design, and construction services throughout the United States. The corporation conducts business throughout the State of South Carolina and does operate locations in Greenville, South Carolina and Laurens, South Carolina.

3. The defendant, Thomas Childers, is a resident of South Carolina.

4. This action arises under Title VII of the 1991 Civil Rights Act and amendments thereto and the common law of South Carolina.

5. Jurisdiction exists pursuant to 28 U.S.C. Section 1331 which gives the District Court original jurisdiction over any legal action authorized by law to be commenced by any person to recover damages under any Act of Congress for the protection of civil rights.

6. Venue lies within the Rock Hill Division pursuant to 28 U.S.C. Section 1391 because most of the events giving rise to this action occurred in Jenkinsville, South Carolina, in the Rock Hill Division.

7. The plaintiff has exhausted her administrative remedies and has received the appropriate Notice of Dismissal and Right to Sue and this action is timely brought.

8. The plaintiff is a female and had worked for the defendant Shaw Group since July 2009.

9. The plaintiff was hired as a Level III Helper (Carpenter) as she was informed by Berlin Pierpoint that there were no positions available at the higher level of Journeyman.

10. She further was informed that she would be permitted to move into a Journeyman position after approximately one month of service.

11. The plaintiff was informed by Joe Koboski who handled human resources at the Jenkinsville jobsite during her orientation at Shaw Group that she had the requisite experience to be a Level V Journeyman Carpenter rather than "Helper."

12. The plaintiff had approximately 15 years of experience as a Journeyman Carpenter and expressed interest in obtaining such a position at the defendant Shaw Group, but informed Koboski that no such positions were available to her knowledge. Koboski informed her that was not the case and such a position was available.

13. The plaintiff was not considered for the Level V Journeyman Carpenter position.

14. In or about Fall 2009, the defendant Childers forcibly grabbed the plaintiff's arm, in front of others.

15. The plaintiff reported said conduct to the site Superintendent Mike O'Connell and General Foreman Ben Cook who wanted to keep the incident and complaint "within the group" and not make a report to Human Resources.

16. Over the course of the following week, the defendant Childers continued his abusive behavior towards the plaintiff by being verbally abusive to her in front of others.

17. The plaintiff reported defendant Childers' act of forcibly grabbing her arm to Koboski.

18. Approximately two months after defendant Childers' forcibly grabbing the plaintiff's arm, the defendant Shaw Group moved the plaintiff to another crew supervised by another individual.

19. During employment meetings, plaintiff was made a spectacle of and was required to stand up and face her co-workers while the male employees were allowed to sit.

20. In order to become classified as a Journeyman Carpenter at the defendant Shaw Group, the plaintiff, in addition to her experience and background, was required to take an internal examination.

21. The plaintiff was given only one day advance notice before taking the examination unlike other candidates.

22. While the plaintiff did not pass the examination at that time, the defendant Shaw Group assigned her work as a Journeyman while compensating her only at the lower "Helper" rate of pay. This occurred for the period of approximately July 2009 until early 2010.

23. In contradiction to the defendant Shaw Group's policy or practice of allowing those individuals who do not pass the Journeyman examination to retake said examination

after 14 days, O'Connell refused to permit the plaintiff to retake the examination for over eight months, while male counterparts were allowed to retake the examination after 14 days.

24. The plaintiff finally was permitted to retake the examination in Spring 2010 and passed the examination. Despite being advised by Koboski to pay the plaintiff at the Level V Journeyman rate of compensation, O'Connell refused and the plaintiff continued to be paid at the Level III Helper rate of compensation.

25. In or about May 2010, the plaintiff was promoted to a Journeyman, more than six weeks after she passed the internal examination.

26. After her promotion, the plaintiff was directed to perform duties that the male Journeymen were not required to perform such as cleaning the work site and breaking down equipment.

27. On or about June 30, 2010, the plaintiff was terminated as part of an alleged reduction-in-force, though she was the only Journeyman laid off.

28. The plaintiff was not the most junior Journeyman either as just days before her termination, a male Journeyman had been hired. Further, other less-senior Journeymen were not affected by the alleged reduction-in-force.

29. Within a few weeks of the plaintiff being laid off, the defendant Shaw Group hired four more male Journeyman Carpenters.

30. The plaintiff reapplied with the defendant Shaw Group after learning of the new hires and requested to be considered for any further openings. The plaintiff never was offered another position with the defendant Shaw Group despite the Shaw Group hiring male Journeyman Carpenters.

FOR A FIRST CAUSE OF ACTION
AGAINST THE DEFENDANT SHAW GROUP
(Gender Discrimination in violation of Title VII)

31. The plaintiff realleges paragraphs 1 through 30 aforesaid.

32. The plaintiff was treated differently by the defendant Shaw Group, by and through its agents, from the treatment given male counterparts. The plaintiff was paid less than male counterparts while doing the same or more work than male counterparts.

33. The plaintiff was the only Journeyman Carpenter discharged as part of the reduction-in-force despite having seniority over other male Journeymen Carpenters. Furthermore, she was not rehired during the weeks following her lay off while males were hired into positions previously held by the plaintiff.

34. Such actions on the part of the defendant Shaw Group, through the actions of its employees, violate the plaintiff's rights under Title VII of the 1991 Civil Rights Act and amendments thereto and amount to unlawful gender discrimination.

35. As a direct and proximate result of such unlawful gender discrimination, the plaintiff has sustained a loss of earnings, earning capacity, promotional opportunities within the corporation, and retirement contributions.

FOR A SECOND CAUSE OF ACTION
AND AS A PENDENT STATE CLAIM
AGAINST DEFENDANTS SHAW GROUP AND CHILDERS
(Assault)

36. The plaintiff realleges paragraphs 1 through 35 above are re-alleged herein as if repeated verbatim.

37. Defendant Childers, acting individually and as Foreman of Shaw Group, intentionally and willfully placed the plaintiff in fear of immediate harmful and offensive touching

5

by touching and grabbing her willfully, offensively and harmfully without her permission and against her will.

38. The defendant Shaw Group is liable to the plaintiff for assault because Childers was placed in supervision of others, including the plaintiff, and the site Superintendent and General Foreman took steps to cover up the incident to prevent the incident from being reported to Human Resources.

39. As a direct and proximate result of the assault of plaintiff, she has been damaged and she is entitled to actual and punitive damages from Shaw Group and Childers for Assault and Battery.

FOR A THIRD CAUSE OF ACTION
AND AS A PENDENT STATE CLAIM
AGAINST DEFENDANTS SHAW GROUP AND CHILDERS
(Battery)

40. The plaintiff realleges paragraphs 1 through 39 above are re-alleged herein as if repeated verbatim.

41. Defendant Childers, acting individually and as Foreman of Shaw Group, intentionally and willfully inflicted forcible contact upon plaintiff by touching and grabbing her willfully, offensively and harmfully without her permission and against her will.

42. The defendant Shaw Group is liable to the plaintiff for battery because Childers was placed in supervision of others, including the plaintiff, and the site Superintendent and General Foreman took steps to cover up the incident to prevent the incident from being reported to Human Resources.

43. As a direct and proximate result of the assault battery of plaintiff, she has been damaged and she is entitled to actual and punitive damages from Shaw Group and Childers for Assault and Battery.

WHEREFORE, the plaintiff prays for judgment against the defendants for an appropriate amount of compensatory and actual damages, punitive damages, attorneys' fees, and the fees and costs associated. The plaintiff also prays for equitable relief, including reinstatement with full back pay and benefits.

J. LEWIS CROMER & ASSOCIATES, LLC

BY:  s/Tandi R. Card
 Tandi R. Card (Fed. I.D.: 10370)
 1522 Lady Street
 Post Office Box 11675
 Columbia, South Carolina 29211
 Phone  803-799-9530
 Fax     803-799-9533

LAW OFFICE OF RICHARD J. BREIBART, LLC

BY: s/W. Jonathan Harling
 Richard J. Breibart (Fed. I.D.: 1462)
 W. Jonathan Harling (Fed. I.D.: 9291)
 201 West Main Street, Suite B
 Lexington, South Carolina 29072
 Phone  803-753-1834
 Fax     803-951-4619

Attorneys for Plaintiff

February 24, 2012