IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Pauline A. Phillips, | ) | C/A No.: 0:12-532-CMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | FIRST AMENDED |
| | ) | SCHEDULING ORDER |
| Thomas Childers, in his individual capacity, and Shaw Constructors, Inc., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on a motion to stay the scheduling order for thirty days. Richard J. Briebart, Esquire, has been placed on interim suspension by the South Carolina Supreme Court and Mark S. Barrow, Esquire has been appointed to protect the interests of Mr. Breibart's clients. Plaintiff requests a 30-day extension in the scheduling order to allow Attorney Barrow to transition into this matter. Plaintiff's motion [Entry #29] is granted and the following amended schedule is established for this case pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this court.

1. Discovery Report: By **July 12, 2012**, the parties are to submit jointly the attached Discovery Report form to advise the court of the discovery completed to date and the discovery remaining to be completed. Parties who do not engage in discovery promptly risk denial of their requests to extend deadlines.

2. Expert Witness Disclosures: The rules governing expert witness disclosures changed effective December 1, 2010.[1] Experts from whom written reports are due ("Tier 1" experts) are governed by Fed. R. Civ. P. 26(a)(2)(B). Also, Fed. R. Civ. P. 26(a)(2)(C) requires certain disclosures for witnesses with expert-type information from whom written reports are not due ("Tier 2" experts) (e.g., treating physician, company employee with expert-type information, but who is

---

[1] Effective December 1, 2010, the rules added a requirement that the parties disclose expert witnesses who are not otherwise required by Fed. R. Civ. P. 26(a)(2)(B) to submit a written report. Specifically, the parties are required to disclose the following information regarding such "Tier 2" expert witnesses: "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(i), (ii).

not subject to Fed. R. Civ. P. 26(a)(2)(B), etc.). The court establishes the following deadlines for expert witness disclosures:[2]

    a.    by **June 29, 2012**—Plaintiffs' and Defendants' Tier 2 expert disclosures;
    b.    by **July 27, 2012**—Plaintiffs' Tier 1 expert disclosures;
    c.    by **August 27, 2012**—Defendants' Tier 1 expert disclosures.

3. Discovery: All discovery must be completed by **September 27, 2012**. The parties must serve all discovery requests in time for the responses thereto to be made by this deadline. No motions relating to discovery may be filed until counsel have consulted and attempted to resolve the matter as required by Local Civil Rule 7.02 and have had a telephone conference with Judge Hodges in an attempt to resolve the matter informally.

4. Mediation: In consent cases, Judge Hodges does not include a formal mediation deadline, but notes that Local Civil Rule 16.05 provides that all civil actions are subject to mediation unless the parties decline to participate by notifying the court. For nonconsent cases in which Judge Hodges is referred the case for pretrial management, the parties should consult the presiding district judge's Standing Order to Conduct Mediation, available at www.scd.uscourts.gov, under the "Mediation/ADR" section, and should abide by the district judge's mediation deadline.

5. Dispositive Motions: The parties must file any dispositive motions by **October 10, 2012**.

6. Trial: This case is subject to being called for trial in the first term of court following the court's ruling on all dispositive motions, including, if applicable the district judge's ruling on a Report and Recommendation. For cases in which no dispositive motions are filed, the case is subject to being called for trial in the first term of court following the dispositive motions deadline.

IT IS SO ORDERED.

*Shiva V. Hodges*

June 11, 2012
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

---

[2] Note that although Fed. R. Civ. P. 26(a)(2)(B) and (C) do not require filing any portion of the written report or expert disclosure, Judge Hodges requires counsel to file a document that identifies the experts and certifies compliance with these rules.