IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Pauline A. Phillips, | ) | C/A No. 0:12-532-CMC-SHV |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Shaw Constructors, Inc., and Thomas | ) | |
| Childers, in his individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Through this action, Plaintiff, Pauline A. Phillips ("Phillips"), seeks recovery from her former employer, Shaw Constructors, Inc. ("Shaw"), for alleged gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"). Phillips also alleges claims of assault and battery against Shaw and Thomas Childers ("Childers").

The matter is before the court on Shaw's partial motion to dismiss Phillip's claims of assault and battery against Shaw. Dkt. No. 11. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), (g), DSC, this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On October 31, 2012, the Magistrate Judge issued a Report recommending that Shaw's motion to dismiss be granted. Phillips filed timely objections on November 19, 2012 (Dkt. No. 56), to which Shaw responded on December 6, 2012 (Dkt. No. 58). For the reasons stated below, Shaw's motion to dismiss Phillips' assault and battery claims against Shaw is granted.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the

court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of an objection, the court reviews the Report and Recommendation only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted).

## BACKGROUND

Phillips alleges that she was hired by Shaw in July 2009 as a carpenter, and that during her employment, she was treated differently than her male counterparts with respect to promotion to the position of Journeyman. Dkt. No. 24 ¶¶ 8-9. She alleges that she was ultimately promoted to Journeyman, but that she was terminated as part of an alleged reduction in force. *Id.* ¶¶ 25-27. A few weeks after her termination, she alleges that she was replaced with a male Journeyman. *Id.* ¶ 28.

Also, during her employment, she alleges that Defendant Childers, a foreman, "forcibly grabbed" her arm "in front of others." *Id.* ¶ 14. Phillips alleges that she reported the incident to her supervisor, who informed her that he "wanted to keep the incident and complaint 'within the group.'" *Id.* ¶ 15. During the week following the arm-grabbing incident, Phillips alleges Childers was verbally abusive to her "in front of others." *Id.* ¶ 16. Two months after the arm-grabbing

2

incident, she alleges that she was transferred to a different crew with a different supervisor. *Id.* ¶ 18. Phillips alleges that as a result of the assault and battery, "she has been damaged." *Id.* ¶¶ 39, 43.

## DISCUSSION

The Report recommends that Phillips' assault and battery claims against Shaw be dismissed because they are barred by the Workers' Compensation Act ("the Act"). First, the Report finds that claims for personal injuries arising out of assault and battery by a fellow employee are barred by the exclusivity provision of the Workers' Compensation Act.[1] Dkt. No. 53 at 4. Second, the Report finds that Phillips does not allege any harm resulting from the alleged assault and battery, other than for personal injuries. *Id.* at 5-6. Finally, the Report finds that, even if Phillips had alleged other harms such as "dignitary and reputational harm," there is no case law "for the proposition that assault or battery claims can result in any injury other than personal injury," that would take the claims outside of the exclusivity provision of the Act. *Id.* at 6.

---

[1] As the Report explains,

> The South Carolina Supreme Court has affirmatively stated that claims for "assault and battery caused by the action of another employee are within the scope of the Act since these actions arise from personal injury." *Dickert v. Metropolitan Life Ins. Co.*, 428 S.E.2d 700, 701 (S.C. 1993) (citing *Loges v. Mack Trucks*, 417 S.E.2d 538 (S.C. 1992)). Liability will fall outside of the Act, thereby allowing the employee to bring a tort action, only where the co-employee responsible for the battery can be considered the "alter ego" of the employer. *Dickert,* 428 S.E.2d at 701.

Dkt. No. 53 at 4. Defendant Childers is alleged to be a foreman, and Phillips does not argue that he is the alter ego of Shaw. The assault and battery claims against Childers are, therefore, not barred by the Workers' Compensation Act as they are brought against Childers individually.

Phillips objects to the Report's recommendations that (1) Phillips did not plead "proprietary loss"[2]; (2) Phillips should not be allowed to amend her Amended Complaint to plead proprietary loss because it would be futile; (3) assault and battery claims cannot result in any injury other than personal injury, such as reputational harm; and (4) the exclusivity provision of the Worker's Compensation Act bars Phillips' assault and battery claims against Shaw. Shaw responds by arguing the Report correctly concludes that (1) Phillips did not allege proprietary harm; (2) amendment to add proprietary harm would be futile because proprietary harm is not recoverable for assault and battery under South Carolina law; and (3) assault and battery claims are compensable under the Workers' Compensation Act and, therefore, subject to the Act's exclusivity provision.

Phillips' primary objection is that the Magistrate Judge concluded that her assault and battery claims fall within the exclusivity provision of the Act. Even assuming Phillips pled reputational or proprietary loss in her Amended Complaint, Phillips has failed to establish that such loss is recoverable under assault and battery claims. As explained in the Report, Phillips "has cited no authority for the proposition that assault or battery claims can result in any injury other than personal injury." Dkt. No. 53 at 6. In her Objections, Phillips cites one case in response to this portion of the Report  a 1967 Texas Supreme Court case in which the court held that mental suffering is compensable for willful torts, including battery. Dkt. No. 56 at 4 (citing *Fisher v. Carrousel Motor Hotel, Inc.*, 424 S.W.2d 627 (Tex. 1967)). That case, however, provides the court with no guidance as to whether reputational or proprietary harm is compensable for assault or battery in South Carolina or otherwise excluded from the Act.

---

[2] Phillips refers to reputational harm as "proprietary loss" in her Objections. Dkt. No. 56 at 2. *See also* Dkt No. 20 at 3 (in her response to Shaw's motion to dismiss, referring to "proprietary damages" as "those over which the plaintiff claims a property interest like her reputation and right to be free from embarrassment and humiliation").

In the absence of any South Carolina case law indicating that reputational or proprietary harm is compensable for assault and battery, the court finds that Phillips' injuries from the alleged assault and battery are personal injuries, and that personal injuries arising out of and in the course of employment, including mental damages resulting from an assault and battery, are subject to the exclusivity provision of the Act.  *See, e.g., Loges v. Mack Trucks, Inc.*, 417 S.E.2d 538 (S.C. 1992); *Doe v. S.C. State Hospital*, 328 S.E.2d 652 (S.C. Ct. App. 1985).  The court, therefore, overrules Phillips' objections and adopts the Report.[3]

## CONCLUSION

For the reasons set forth above, the court adopts and incorporates the Report.  The court, therefore, grants Shaw's partial motion to dismiss Phillips' assault and battery claims against Shaw.[4] This matter is again referred to the Magistrate Judge for further pretrial proceedings.

**IT IS SO ORDERED.**

S/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 15, 2013

---

[3] To the extent that Phillips requests leave to amend her Amended Complaint, that request is denied as amendment to allege reputational or proprietary harm is futile for the reasons stated above.

[4] Phillips' gender discrimination claim against Shaw and her assault and battery claims against Childers are unaffected by this order.

5