IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Pauline A. Phillips, | ) | C/A No.: 0:12-532-CMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Shaw Constructors, Inc., and Thomas Childers, in his individual capacity, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

In this employment discrimination case, plaintiff Pauline A. Phillips ("Plaintiff") sues her former employer Shaw Constructors, Inc. ("Shaw"), alleging a gender discrimination claim pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"). Plaintiff also asserts a claim of assault and a claim for battery ("assault and battery claims") against defendant Thomas Childers ("Childers") based on a single incident.

This matter comes before the court on Shaw's motion to sever filed on February 27, 2013. [Entry #63]. The motion having been fully briefed [Entries #64, #66], it is ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). Because the motion to sever is arguably dispositive, this report and recommendation is entered for the district judge's consideration. For the reasons that follow, the undersigned recommends the district court grant the motion to sever.

1

I.  Factual and Procedural Background

In her amended complaint, Plaintiff asserts she was hired by Shaw in July 2009 as a Level III Helper (Carpenter). [Entry #24 at ¶¶ 8–9]. Plaintiff alleges that defendant Childers, a foreman, forcibly grabbed her arm in front of other people in January 2010. [Entry #63-1 at 2]. Although she claims she reported the incident to the site superintendent and to the general foreman on the job, she contends they wanted to keep the incident and complaint "within the group" and not make a report to Shaw's human resources department. [Entry #24 at ¶ 15]. Plaintiff alleges that over the following week, Childers was verbally abusive to her in front of others. *Id.* at ¶ 16. She contends she ultimately reported the arm-grabbing incident to the jobsite human resources supervisor and was later moved to another crew where she was supervised by someone other than Childers. *Id.* at ¶¶ 17–18. Childers' employment with Shaw ended as part of a reduction in force ("RIF") on March 4, 2010. [Entry #63-2 at 1].

Plaintiff contends that, during her employment, she was treated differently than her male counterparts with regard to being promoted to the position of Journeyman and was treated differently once promoted. [Entry #24 at ¶¶ 12–13, 19–30]. Although she ultimately obtained the position of Journeyman, she claims she was terminated as part of a RIF on June 30, 2010, and was allegedly replaced with a male Journeyman within a few weeks of being laid off. *Id.* at ¶¶ 27–29. According to Shaw, foreman Berlin Pierpoint made the decision to terminate Plaintiff. [Entry 63-3 at 2–3].

Plaintiff filed a discrimination charge on October 25, 2010 [Entry #63-6 at 1], and filed the instant lawsuit on February 24, 2012 [Entry #1]. In her amended complaint,

2

Plaintiff asserts a gender discrimination claim against Shaw and assault and battery claims against both Shaw and Childers. [Entry #24 5–7]. On January 15, 2013, the court dismissed Plaintiff's assault and battery claims against Shaw. [Entry #59]. Thus, the current claims are a gender discrimination claim against Shaw and assault and battery claims against Childers. Shaw now seeks to sever the gender discrimination claim against it from the assault and battery claims against Childers. [Entry #63 at 2].

II.     Discussion

    A.     Standard of Review

Pursuant to Fed. R. Civ. P. 20, defendants may be joined in one action if the claims against them (1) arise out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(2). Where parties have been misjoined, a court may, on motion or on its own, "add or drop a party" or "sever any claim against a party." Fed. R. Civ. P. 21. "Parties of a lawsuit are misjoined when they fail to satisfy either of the preconditions for permissive joinder set forth in Rule 20(a)." *Blassingame v. City of Anderson*, No. 9:98-1996, 2000 WL 1277323, at *2 (D.S.C. Feb. 22, 2000).

In considering misjoinder under Rule 21, the court must consider principles of fundamental fairness and judicial efficiency, the possibility of undue delay or prejudice to any party, and the threats of duplicative litigation and inconsistent jury verdicts. *See Truesdale v. Ashcroft*, No. 4:05-78, 2006 WL 4071948, at *3 (D.S.C. March 29, 2006). Whether the parties are properly joined is left to the sound discretion of the district court.

3

*See Pelcynski v. Orange Lake Country Club*, No. 4:11-1829, 2013 WL 504238, at *2 n.4 (D.S.C. Feb. 8, 2013).

    B.    Analysis

Shaw argues that Plaintiff's claims should be severed because they arise from different transactions or occurrences and share no questions of law or fact. [Entry #63 at 5–8]. Shaw further argues that interests of fairness and judicial economy weigh in favor of severance. *Id.* at 8–10. Plaintiff disputes these assertions. [Entry #64 at 2–4].

As an initial matter, Plaintiff argues, without authority, that Shaw's motion to sever is premature. *Id.* at 2. This argument is directly contrary to Rule 21, which provides that the court "may *at any time*, on just terms, add or drop a party. The court may also sever a party." Fed. R. Civ. P. 21 (emphasis added); *see also Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989) (explaining that a court may drop a dispensable nondiverse party at any time, even after judgment has been rendered). Accordingly, the undersigned concludes that Shaw's motion is timely.

    1.    Different Transactions or Occurrences

Shaw contends that Plaintiff's claims do not arise out of the same transaction or occurrence because the incidents giving rise to the claims occurred nearly six months apart. [Entry #63 at 5]. The assault and battery claims against Childers stem from the arm-grabbing incident that occurred in January 2010. Plaintiff's termination occurred in June 2010, several months after Childers was laid off in a RIF. Notably, Plaintiff's response fails to address whether the claims against Shaw and Childers arose from the same transaction or occurrence except to state that "both issues arise out of Plaintiff's

4

employment with Shaw." [Entry #64 at 3]. The undersigned finds the simple fact of employment to be insufficient to establish the claims arose from the same transaction or occurrence. *See, e.g., Lam v. City and Cnty. of San Francisco*, No. 08-4702, 2010 WL 235081, at *10 (N.D. Cal. Jan. 21, 2010) (severing assault and battery, domestic violence, and intentional infliction of emotional distress claims against plaintiff's supervisor from claims of race discrimination against plaintiff's employer).

While Shaw focuses exclusively on Plaintiff's termination allegations, Plaintiff's amended complaint also asserts that Shaw treated her differently and paid her less than her male counterparts. [Entry #24 at 5]. In her response brief, Plaintiff also contends that her claims against Childers are indicative of a culture of discrimination that pervaded Shaw during her employment. [Entry #64 at 3]. These claims are not exhausted. In her charge of discrimination, Plaintiff alleged only that she was laid off and believed it was because she was a woman. [Entry #63-6 at 1]. As Shaw concedes [Entry #63 at 6], the court's analysis may be different if Plaintiff were asserting a properly-exhausted hostile work environment claim, but the charge of discrimination does not include such a claim. Thus, the undersigned finds unavailing Plaintiff's attempts to connect the claims against Shaw and Childers.

Because the only link between the allegations against Shaw and Childers is that they occurred during Plaintiff's employment with Shaw, the undersigned recommends a finding that the claims do not arise from the same transaction or occurrence and that the parties are misjoined.

2.      Different Questions of Law and Fact

Even assuming the claims arose from the same transaction or occurrence, Rule 20 requires that there be a common question of law or fact as to all defendants. Fed. R. Civ. P. 20(a)(2).

Plaintiff does not argue that common questions of law exist. Given that Plaintiff's claim against Shaw is pursuant to federal statute and her claims against Childers are state law tort claims, the undersigned concludes that no questions of law common to all defendants will arise in the action.

Shaw asserts that there are also no common issues of fact between the claims. [Entry #63 at 7]. In support of her contention that the claims share common questions of fact, Plaintiff asserts that all of the witnesses in her Title VII claim are the same as the witnesses in her claims against Childers, but provides no support for this assertion. [Entry #64 at 3]. She also states that Childers' alleged arm grab reflected a culture of discrimination at Shaw; however, the undersigned rejects that argument for the reasons stated above.

To establish a prima facie case of gender discrimination under Title VII, Plaintiff must prove: (1) she is a member of a protected class; (2) she was performing satisfactorily; (3) she suffered an adverse employment action; and (4) similarly-situated employees received more favorable treatment. *Coleman v. Maryland Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010). To prove assault under South Carolina law, Plaintiff must prove that Childers' conduct placed her in reasonable fear of bodily harm. *See Gathers v.*

*Harris-Teeter Supermarket*, 317 S.E.2d 748, 754–55 (S.C. Ct. App. 1984). To prove battery, she must prove that Childers inflicted forcible contact on her. *Id.* at 754.

Shaw argues that there are no common questions of fact because the facts related to the alleged arm-grabbing incident would have no bearing on the elements necessary to prove gender discrimination and vice versa. The undersigned agrees. Plaintiff's gender discrimination claim requires facts related to her job performance and termination as well as Shaw's decision not to re-hire her. These facts do not overlap with the discrete facts necessary to demonstrate that Childers inflicted forcible contact on Plaintiff or that his conduct placed her in reasonable fear of bodily harm. Furthermore, Shaw's decisions to terminate and not to re-hire Plaintiff came several months after Childers was laid off. For the foregoing reasons, the undersigned recommends a finding that the claims against Shaw and Childers do not share common questions of law or fact.

### 3. Other Considerations

Because joinder of Shaw and Childers is not appropriate pursuant to Fed. R. Civ. P. 20, it is unnecessary for the court to consider issues of fairness, judicial economy, prejudice, or the threat of duplicative litigation.

## III. Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends defendant Shaw's motion to sever [Entry #63] be granted and the claims against Childers be severed and docketed in a new civil action. The undersigned further recommends that the court order briefing by Plaintiff and Childers on whether the court has jurisdiction over Childers' state law claims.

IT IS SO RECOMMENDED.

June 6, 2013  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation.**

8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).