IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Pauline A. Phillips, ) | C/A No. 0:12-00532-CMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Shaw Constructors, Inc., and Thomas ) | |
| Childers, in his individual capacity, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Through this action, Plaintiff Pauline A. Phillips seeks recovery from her former employer, Shaw Constructors, Inc. ("Shaw"), for alleged gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"). Plaintiff also alleges claims of assault and battery against Thomas Childers ("Childers"), a former employee of Shaw.[1] The matter is before the court on Shaw's motion to sever. Dkt. No. 63.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2), D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On June 6, 2013, the Magistrate Judge issued a Report recommending that Shaw's motion to sever be granted. Dkt. No. 74. Plaintiff filed timely objections on June 24, 2013 (Dkt. No. 77), to which Shaw responded on July 11, 2013 (Dkt. No. 80). For reasons stated below, the court adopts the Report and grants Shaw's motion to sever.

## BACKGROUND

---

[1] The court previously dismissed Plaintiff's assault and battery claims against Shaw. Dkt. No. 59.

1

Plaintiff alleges that she was hired by Shaw in July 2009 as a carpenter, and that during her employment, she was treated differently than her male counterparts with respect to promotion to the position of Journeyman. Dkt. No. 24 ¶¶ 8-9. She alleges that she was ultimately promoted to Journeyman, but was terminated as part of an alleged reduction in force on March 4, 2010. *Id.* ¶¶ 25-27. A few weeks after her termination, she alleges she was replaced with a male Journeyman.[2] *Id.* ¶ 28.

Plaintiff also alleges that, during her employment in January 2010, foreman Childers "forcibly grabbed" her arm "in front of others." *Id.* ¶ 14. Plaintiff alleges that she reported the incident to her supervisor, who informed her that he "wanted to keep the incident and complaint 'within the group.'" *Id.* ¶ 15. During the week following the arm-grabbing incident, Plaintiff alleges Childers was verbally abusive to her "in front of others." *Id.* ¶ 16. Two months after the arm-grabbing incident, Plaintiff alleges that she was transferred to a different crew with a different supervisor. *Id.* ¶ 18. Plaintiff alleges that as a result of the assault and battery, "she has been damaged." *Id.* ¶¶ 39, 43.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the

---

[2] According to Shaw, foreman Berlin Pierpoint made the decision to terminate Plaintiff. Dkt. No. 63-3 at 20-3.

recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of an objection, the court reviews the Report and Recommendation only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted).

## DISCUSSION

Pursuant to Rule 21 of the Federal Rules of Civil Procedure, when parties have been misjoined, a court may, on motion or on its own, "add or drop a party" or "sever any claim against a party." Fed. R. Civ. P. 21. Under Rule 20(a)(2), defendants may be joined in one action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

Shaw filed a motion to sever Plaintiff's claims, arguing that they arise from different transactions or occurrences and share no questions of law or fact. The Magistrate Judge agrees with Shaw and recommends that Plaintiff's gender discrimination claim against Shaw be severed from Plaintiff's assault and battery claims against Childers. Specifically, the Report found that "the only link between the allegations against Shaw and Childers is that they occurred during Plaintiff's employment with Shaw." Report at 5. The Report also found that "there are no common questions of fact because the facts related to the alleged arm-grabbing incident would have no bearing on the elements necessary to prove gender discrimination and vice versa." *Id.* at 7. As explained in the

Report, the arm-grabbing incident happened months before Shaw's decision to terminate and not to rehire Plaintiff.

Plaintiff objects to the Report and argues that (1) Shaw's motion is untimely because discovery is ongoing; (2) the claims arise from the same transaction or occurrence, or series of transactions; (3) there are common questions of fact; and (4) the issues of fairness, judicial economy, prejudice, and threat of duplicative litigation must be considered. The court addresses Plaintiff's objections below.

(1) **Timeliness of Shaw's Motion.** Plaintiff argues that Shaw's motion is premature because Plaintiff has not had the benefit of completing discovery. Dkt. No. 77 at 2-3. Plaintiff alleges in her Amended Complaint that she was treated differently than her male counterparts. Dkt. No. 24 at ¶¶ 19, 23, 26, 32. Plaintiff argues that she should have an opportunity "to pursue discovery relating to [different treatment] including the incident giving rise to the assault and battery claims." Dkt. No. 77 at 3. Shaw's motion is not premature because the court may consider a motion to sever "at any time." Fed. R. Civ. P. 21. Further, Plaintiff has not convinced the court that delaying this motion until after the close of discovery would lead to a different result. The court, therefore, rejects Plaintiff's objection to the timeliness of Shaw's motion.

(2) **Arising From the Same Transaction or Occurrence.** Plaintiff objects to the Report's finding that her gender discrimination claim and her assault and battery claims do not arise from the same transaction or occurrence. Plaintiff argues that her claims "all arise from Plaintiff's employment with Shaw." Dkt. No. 77 at 3. As explained in the Report, that fact is insufficient to establish that the claims arose from the same transaction or occurrence. Report at 5. Plaintiff also attempts to link the arm-grabbing incident to her gender discrimination claim by arguing that the

arm-grabbing incident is an example of the discrimination she experienced at Shaw. Plaintiff argues that this incident will "show the discriminatory animus of Shaw and discriminatory culture and atmosphere wherein male employees are treated better than female employees." Dkt. No. 77 at 3. As explained in the Report, Plaintiff has not administratively exhausted a hostile work environment claim. Report at 5. Plaintiff's gender discrimination claim is based on her termination or Shaw's failure to rehire her.[3]

Plaintiff does not allege in her Amended Complaint any connection between the arm-grabbing incident and Shaw's decision to terminate her. In fact, Plaintiff does not allege that the arm-grabbing incident was motivated by her gender. Plaintiff similarly does not allege Childers had any role in Shaw's decision to terminate her or not to rehire her on or around July 1, 2010, or that the decision maker somehow relied on the arm-grabbing incident when deciding to terminate Plaintiff.[4] Even after the briefing submitted in opposition to Shaw's motion to sever and in its objections to the Report, Plaintiff has failed to present any theory of connection between the two

---

[3] Plaintiff does not argue that she administratively exhausted a hostile work environment claim. Rather, Plaintiff argues that she should be allowed to present evidence of disparate treatment to prove her gender discrimination claim:

> Even assuming, *arguendo*, that Plaintiff failed to exhaust her administrative remedies for a hostile work environment claim; the Plaintiff is not precluded from using evidence of disparate treatment to support her properly exhausted Title VII claim. Failure to exhaust in such a scenario merely would preclude Plaintiff from bringing a claim[,] not evidence[,] supporting the properly exhausted claim.

Dkt. No. 77 at 4. The court need not decide at this point what evidence Plaintiff may use to prove her gender discrimination case. Instead, the court must determine whether Plaintiff's gender discrimination claim arises from the same transaction or occurrence as her assault and battery claims to satisfy Rule 20(a).

[4] In its Answer to Plaintiff's First Set of Interrogatories, Shaw states that Berlin Pierpoint, not Childers, selected Plaintiff for termination. Dkt. No. 63-3. Further, Shaw has submitted a separation notice indicating that Childers' last day at Shaw was March 4, 2010. Dkt. No. 63-6.

events, except that the incident should be allowed as evidence of "discriminatory culture and atmosphere." The court, therefore, rejects Plaintiff's objection and concludes that Plaintiff's claim of gender discrimination against Shaw does not arise out of the same transaction or occurrence, or series of occurrences, as her claims of assault and battery against Childers.[5]

**(3) Common Questions of Fact.** Plaintiff objects to the Report's finding that there are no common questions of fact between her gender discrimination claim and her assault and battery claims.[6] Plaintiff's main argument is that "[a]ll of the witnesses in Plaintiff's Title VII claim are the same as the witnesses in her claims against Childers." Common witnesses alone, however, do not indicate common questions of fact. As explained in the Report, the facts necessary to prove gender discrimination are different than the facts necessary to prove assault and battery.[7] *See* Report at 6-7.

---

[5] Plaintiff argues that the Report failed to recognize "a presumption in favor of the nonmoving party that all claims in a case will be resolved in a single trial and not be severed." Dkt. No. 77 at 4 (citing *Equal Rights Ctr. v. Equity Residential*, 483 F. Supp. 2d 482, 489 (D. Md. 2007). *Equal Rights*, however, was a case brought by a single plaintiff against a single developer and its wholly-owned subsidiary for violations of the Fair Housing Act and the Americans with Disabilities Act, involving 300 apartment complexes. Defendants moved to sever the claims for each complex, turning the case into 300 separate actions. The court denied the motion to sever. The court found that severance would create duplicative litigation because the claims were essentially the same for each building as they shared common design elements. Here, Plaintiff is suing Shaw and a former employee of Shaw. Severing the claims against Shaw and Childers would not result in duplicative litigation as in *Equal Rights*.

[6] Plaintiff appears to concede that there are no common questions of law. Report at 6.

[7] As explained in the Report:

> To establish a prima facie case of gender discrimination under Title VII, Plaintiff must prove: (1) she is a member of a protected class; (2) she was performing satisfactorily; (3) she suffered an adverse employment action; and (4) similarly-situated employees received more favorable treatment. *Coleman v. Maryland Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010). To prove assault under South Carolina law, Plaintiff must prove that Childers' conduct placed her in reasonable fear of bodily harm. *See Gathers v. Harris-Teeter Supermarket*, 317 S.E.2d 748, 754–55

The court, therefore, rejects Plaintiff's objection to the Report's finding that there are no common facts to Plaintiff's gender discrimination claim and assault and battery claims.

**(4) Fairness, Judicial Economy, Prejudice, and Duplicative Litigation.** Plaintiff objects to the Magistrate Judge's conclusion that the issues of fairness, judicial economy, prejudice, and threat of duplicative litigation need not be considered when the claims sought to be severed do not arise from the same transaction or occurrence and there are no common issues of law or fact. The court agrees that these considerations need not be weighed in this case because these claims do not satisfy the preconditions under Rule 20(a)(2). *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000) (explaining that if the two preconditions are met under Rule 20, "a district court must examine whether permissive joinder would 'comport with the principles of fundamental fairness' or would result in prejudice to either side."). In any event, the court finds that these considerations support severance because Shaw would be prejudiced without severance and there is no threat of duplicative litigation. Further, Plaintiff has made no argument that severance would be unfair, except that severance "will cause her to have to try the same case twice." Dkt. No. 77 at 6. Based on the findings in the Report and as stated above, there is no apparent overlap between these claims or Defendants. Accordingly, the above-listed considerations weigh in favor of severance.

---

(S.C. Ct. App. 1984). To prove battery, she must prove that Childers inflicted forcible contact on her. *Id.* at 754.

Report at 6-7.

## CONCLUSION

For reasons stated above and in the Report, the court grants Shaw's motion to sever the gender discrimination claim against Shaw and the assault and battery claims against Childers. The Clerk is directed to docket Plaintiff's assault and battery claims as a new civil action. This matter is remanded to the Magistrate Judge for further pretrial proceedings.

**IT IS SO ORDERED.**

                                              S/ Cameron McGowan Currie
                                              CAMERON MCGOWAN CURRIE
                                              UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 17, 2013