IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Pauline A. Phillips, | C/A No.: 0:13-1966-CMC-SVH |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Thomas Childers, in his individual capacity, | |
| Defendant. | |

This matter comes before the court on the district judge's remand for further pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). Because it appears that the court lacks subject matter jurisdiction over the claims in this case, this report and recommendation is entered for the district judge's consideration. For the reasons that follow, the undersigned recommends the district court dismiss the case for lack of jurisdiction.

I.      Factual and Procedural Background

Plaintiff Pauline A. Phillips originally filed an action in federal court against her former employer Shaw Constructors, Inc. ("Shaw"), for alleged gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII") (C/A No.: 0:12-532-CMC-SVH ("Original Action")). In the Original Action, Plaintiff also alleged claims of assault and battery against Thomas Childers ("Childers"), a former employee of Shaw. By order filed July 17, 2013, the court granted Shaw's motion to sever the gender discrimination claim against Shaw and the assault and battery

1

claims against Childers. [Entry #81]. Pursuant to the court's direction, *id.*, the Clerk of Court docketed Plaintiff's assault and battery claims as a new civil action, in this instant case (C/A No. 0:13-1966-CMC-SVH).  By order filed July 18, 2013, the court directed Plaintiff to brief by July 31, 2013, whether the court has jurisdiction over Plaintiff's state law claims against Childers.  [Entry #83]. Plaintiff timely filed her jurisdictional brief. [Entry #85].  The court permitted Childers until August 12, 2013 to file a responsive brief if he wished to respond to Plaintiff's jurisdictional brief.  [Entry #83].  Childers did not file a brief.

II.    Discussion

   A.    Standard of Review

Plaintiff's complaint is subject to review pursuant to the obligation of this court to ensure that it has jurisdiction.  *See Interstate Petroleum Corp. v. Morgan*, 249 F.3d 215, 219 (4th Cir. 2001) (discussing the requirement that the court "consider questions regarding jurisdiction . . . even *sua sponte*").  A federal court is limited to exercising only its authority under Article III of the Constitution or as granted by federal statute.  *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998).  Because of the limits on its jurisdiction, there is no presumption that a federal court has jurisdiction.  *Pinkley, Inc. v. City of Frederick, Md.*, 191 F.3d 394, 399 (4th Cir. 1999).  Thus, a federal court is required to determine, *sua sponte*, if there is a valid basis for jurisdiction, and to dismiss any action over which it cannot exercise jurisdiction. *Bulldog Trucking*, 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Although the question of

jurisdiction may be raised at any time, the Fourth Circuit has determined that it is most efficiently raised at the outset of litigation. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

The plaintiff in an action bears the responsibility of alleging facts which provide the court with its jurisdiction. *Pinkley*, 191 F.3d at 399; *see also* Fed. R. Civ. P. 8(a)(1) (requiring "a short and plain statement of the grounds for the court's jurisdiction" in a pleading with a claim for relief). The mere assertion of a federal claim is not enough to establish jurisdiction. *Lovern*, 190 F.3d at 654. Indeed, the Fourth Circuit has warned that a federal court must be on guard for the litigant who alleges a pretextual federal issue in order to have a state law claim adjudicated in its court—a violation of Article III of the Constitution. *Id.* (citing *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988)).

B.   Analysis

In her amended complaint, Plaintiff alleges that defendant Childers, a foreman at Shaw, forcibly grabbed her arm in front of other people in or about Fall 2009.[1] [Entry #24 at ¶ 14]. Although the state law claims against Childers arguably fell within the court's supplemental jurisdiction under 28 U.S.C. § 1367(a) in the Original Action, once the claims against Childers and Shaw were severed, supplemental jurisdiction evaporated and an independent jurisdictional basis for the state law claims against Childers appears to be lacking. Plaintiff's jurisdictional brief does not provide any other meritorious argument for the court's exercise of jurisdiction over her claims against Childers.

---

[1] Plaintiff changed the date of the alleged incident to January 2010 in her subsequent filings. [Entry #63-1 at 2].

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332. The facts alleged in the complaint, however, do not fall within the scope of either statute.

First, the amended complaint presents no basis for a finding of diversity jurisdiction. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of $75,000. Complete diversity of parties means that no party on one side may be a citizen of the same state as any party on the other side. *Wis. Dept. of Corrections v. Schacht*, 524 U.S. 381, 388 (1998). Although Plaintiff is a citizen of South Carolina and it appears that Childers is a citizen of Georgia, where he claims residency [Entry #41 at ¶ 3], the amended complaint alleges that Childers is a resident of South Carolina. [Entry #24 at ¶ 3]. In the absence of diversity of citizenship, the amount in controversy is irrelevant. Independently, Plaintiff does not allege an amount in controversy against Childers in excess of $75,000.

Second, the allegations in the amended complaint are not sufficient to establish that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The complaint contains no reference to a violation by Childers of any federal statute or constitutional provision, nor is any type of federal question jurisdiction otherwise evident from the face of the complaint. To the extent that the complaint alleges assault and battery claims, such are causes of action under South Carolina state law. As Plaintiff fails to provide sufficient facts to establish federal jurisdiction, the case is subject to dismissal for lack of jurisdiction.

III.   Conclusion

For the foregoing reasons, it is recommended that this case be dismissed without prejudice for lack of jurisdiction.

IT IS SO RECOMMENDED.

September 12, 2013                                Shiva V. Hodges
Columbia, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).