IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Pauline A. Phillips, ) | C/A No. 0:13-01966-CMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| Thomas Childers, in his individual capacity, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

On February 24, 2012, Plaintiff Pauline A. Phillips ("Plaintiff") filed an action against Shaw Group, Inc. ("Shaw") and Thomas Childers ("Childers"), alleging gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and claims of assault and battery. *See* Civil Action No. 0:12-532-CMC-SVH ("Original Action"). The court previously dismissed Plaintiff's claims of assault and battery against Shaw and subsequently granted Shaw's motion to sever. The Clerk of Court docketed Plaintiff's assault and battery claims against Defendant Childers, proceeding *pro se*, as a new civil action (Civil Action No. 0:13-01966-CMC-SVH). In this action, the court directed Plaintiff to brief whether the court has jurisdiction over Plaintiff's state law claims against Childers, which are the only claims in this action. Plaintiff filed a jurisdictional brief, to which Childers did not respond.

The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636 (b) and Local Rule 73.02(B)(2), D.S.C., and which was filed on September 12, 2013. Dkt. No. 86. The Report recommends that the court dismiss this action for lack of jurisdiction. Specifically, the Report finds that "[a]lthough Plaintiff's state law claims against Childers arguably fell within the court's supplemental jurisdiction under 28 U.S.C. § 1367(a) in the Original Action, once the claims

1

against Childers and Shaw were severed, supplemental jurisdiction evaporated and an independent jurisdictional basis for the state law claims appears to be lacking." Report at 3.

The parties were advised of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. *Id.* None of the parties have filed objections to the Report, which were due on September 30, 2013.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of an objection, the court reviews the Report and Recommendation only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted).

The court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. Finding none, the court adopts and incorporates the Report by reference. For the reasons set forth therein, the court dismisses this action for lack of jurisdiction.

**IT IS SO ORDERED.**

S/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 1, 2013